```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN D. GONZALES, JR.                          CIVIL ACTION

VERSUS                                         NO. 10-3041

STATE FARM MUTUAL AUTOMOBILE                   SECTION "B"
INSURANCE COMPANY
```

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Rec. Doc. No. 13), Defendant's Motion to Strike Plaintiff's Claim for Lost Wages (Rec. Doc. No. 14), and Defendant's Motion to Strike Plaintiff's Claim for Special Damages for Tuition, Rent and Living Expenses (Rec. Doc. No. 15), all of which are opposed (Rec. Doc. Nos. 17, 21, 22). For the following reasons,

**IT IS ORDERED** that State Farm's Motion to Dismiss (Rec. Doc. No. 13) is **DENIED;**

**IT IS FURTHER ORDERED** that State Farm's Motion to Strike Plaintiff's Claim for Lost Wages (Rec. Doc. No. 14) is **DENIED;** however, the pertinent documentation that Plaintiff fails to timely produce shall be excluded from use at trial and stricken from Plaintiff's Exhibit List;

**IT IS FURTHER ORDERED** that State Farm's Motion to Strike Plaintiff's Claim for Special Damages for Tuition, Rent and Living Expenses (Rec. Doc. No. 15) is **DENIED;** additionally, because the lease agreement at issue has been recently produced, such shall not

1

be excluded from use at trial.

This matter arises out of an automobile accident occurring on or about August 29, 2009 in New Orleans, Louisiana. Rec. Doc. No. 1-1, at 1. Plaintiff was a passenger in an American Cab, which collided with a vehicle operated by George Stokely, severely injuring Plaintiff. *Id.* Plaintiff settled his claims against Stokely and his insurance carrier, United Services Automobile Association ("USAA"), for the policy limits. *Id.* Plaintiff, however, asserts that the policy issued to Stokely was insufficient to compensate Plaintiff for the damages he sustained, rendering the vehicle operated by Stokely underinsured. *Id.* at 2. Plaintiff therefore filed the instant lawsuit against his own insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to his automobile insurance policy which provided medical payments coverage and uninsured/underinsured motorist coverage. *Id.* Plaintiff asserts that State Farm is liable under the policy to pay for the damages sustained by its insured as a result of an uninsured/underinsured motorist, and therefore State Farm is liable for the damages sustained by Plaintiff, which include physical and mental pain and suffering, medical expenses, fear and fright, loss of life's enjoyment, loss of earnings, disability and disfigurement, and expenses incurred as a result of having to enroll in an additional semester of college and having to incur additional living expenses for six months. *Id.* Plaintiff

2

originally filed suit in the Civil District Court for the Parish of Orleans, and the action was thereafter removed to this Court. *See* Rec. Doc. No. 1.

**I.  Motion to Dismiss**

State Farm seeks dismissal of this action based on the doctrine of res judicata. Rec. Doc. No. 13-1, at 1. Specifically, State Farm asserts that the Release of All Claims and Hold Harmless Agreement ("Release") executed by Plaintiff in connection with its settlement with USAA includes his claims against State Farm. *Id.* at 2.  State Farm argues that the language of the Release, i.e. "[I/We] further intend to release all my/our claims for injury or damage or consequence thereof now known or unknown or which hereafter arise from this accident," is expansive, unambiguous, and broad to the extent that it clearly encompasses any claims Plaintiff may have against State Farm as his UM insurer arising out of the subject accident.  *Id.* at 4.  State Farm analogizes the situation at bar to *Silva v. State Farm Mut. Auto. Ins. Co.*, 09-686, 38 So.3d 934 (La. App. 5 Cir. 3/23/10), in which the Louisiana Fifth Circuit Court of Appeals held that a release agreement executed between the plaintiff and the defendant driver and his liability insurer included all claims arising out of the subject accident against all parties, including those later asserted against plaintiff's UIM insurer, State Farm, even though State Farm was not specifically listed in the release.  *Id.* at 4-5.  State

Farm contends that the language at issue in the instant case is even broader than that in *Silva*; therefore, the Court should similarly dismiss Plaintiff's claims against State Farm as barred by the doctrine of res judicata. *Id.* at 5-6.

Plaintiff argues that the Release in question clearly only released "Robert W. Davis, George Stokely, and Mary Kahn Davis, his/her heirs, executors and assigns," and thus the reference to "any/all claims for injury or damage or consequences thereof now known or unknown or which hereafter arise from this accident" only pertains to those parties specifically named. Rec. Doc. No. 17, at 1. Plaintiff contends that the instant case is factually distinguishable from *Silva*, as the Release in that case included not only the defendant driver and his liability insurer, but also "any and all persons, firms and corporations," language which is not present in the Release at issue here. *Id.* at 1-2.

In *Silva v. State Farm Mut. Auto. Ins. Co.*, 09-686, 38 So.3d 934 (La. App. 5 Cir. 3/23/10), the Louisiana Fifth Circuit Court of Appeals did indeed hold that although the release executed by the plaintiff did not specifically list State Farm, the broadness of the language contained therein was clear and unambiguous and evidenced an intent to settle and dismiss any claims against anyone arising out of the accident that formed the basis of the suit, including State Farm. *Silva*, 38 So.3d at 938. However, the court's determination explicitly focused on the fact that the

4

release included the following language:

> I ... by these presents do ... release, acquit and forever discharge USAgencies Casualty Insurance Company, James Wysingle and ***any and all persons, firms and corporations*** of and from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting from an occurrence or accident that happened on or about the 18th day of July, 2005, at or near Kenner, Parish of Jefferson, State of Louisiana.

*Id.* at 936 (emphasis added in opinion). The court stated that "the expansive language in the settlement released 'all other persons, firms, or corporations,' and this includes State Farm." *Id.* at 938. The court further adopted the reasoning set forth in the similar case of *Tran v. Farmers and Merchants Ins. Co.*, 04-793 (La. App. 5 Cir. 12/14/04), 892 So.2d 88, in which the court found:

> A clear and explicit reading of the release signed in this matter discharges all other persons, firms or corporations who might be claimed to be liable. This includes the defendants ... Had the broad language releasing all others not been included in the release or if the plaintiff had specifically reserved his rights against the defendants, the granting of the exception may have been in error. However, the clear, explicit language in the release does encompass the defendants, as well as any other entity that may be liable for any claim resulting from the accident....

*Silva*, 38 So.3d at 938 (citing *Tran*, 892 So.2d at 90). Accordingly, the court affirmed the judgment of the trial court which granted State Farm's exception of res judicata. *Id.* at 939.

Here, however, the language of the Release explicitly states

5

that only "Robert W. Davis, George Stokely, and Mary Kahn Davis, his/her heirs, executors and assigns" are released, acquitted, and forever discharged from any liability and any and all claims or causes of action arising out of the automobile accident. *See* Rec. Doc. No. 13-3, Exhibit B, at 1.  Indeed, the broad language that was the basis for the court's decision in *Silva*, i.e. "any and all persons, firms and corporations," is not included in the Release at issue here.  Therefore, the Release does not clearly encompass Plaintiff's claims against State Farm, and State Farm's motion to dismiss based on the doctrine of res judicata is denied.

**II.  Motion to Strike Plaintiff's Claim for Lost Wages**

State Farm claims that it has propounded Interrogatories and Requests for Production of Documents to Plaintiff specifically requesting "any and all documentation from any and all employers over the past five years substantiating salary information and information pertaining to lost work time as a result of any and all alleged injuries," as well as a copy of Plaintiff's tax returns and/or W-4 forms filed by Plaintiff.  Rec. Doc. No. 14-1, at 1. State Farm asserts that Plaintiff responded "See Attached" to the documentation request and "Plaintiff will provide in the near future" regarding the tax returns and W-4 forms; however, to date, Plaintiff has not provided the requested documents nor any documentation to support his lost wage claim. *Id.* at 1-2.  State Farm contends that its counsel set a Rule 37 telephone discovery

conference for April 28, 2011 to discuss Plaintiff's insufficient discovery responses, and in response, Plaintiff's counsel emailed certain documentation to State Farm's counsel, but the documents emailed did not include any support for Plaintiff's lost wage claim. *Id.* at 2. Additionally, State Farm argues that Plaintiff lists on his Exhibit List income tax records for the last five years and work records for the last five years, documents which have never been produced to State Farm. *Id.; see* Rec. Doc. No. 10. State Farm urges that preclusion of Plaintiff's claim for lost wages is required by the Federal Rules of Civil Procedure, as Plaintiff has not complied with his affirmative duties to produce and update his disclosures regarding the aforementioned documentation and records and cannot establish that his failure to do so was substantially justified or harmless. *Id.* at 2-3.

Plaintiff asserts that he has attempted to provide the documentation and answer the discovery requests to the best of his ability, but has unfortunately been unable to locate the information requested despite making honest and continuing efforts to do so. Rec. Doc. No. 21, at 1. Plaintiff argues that he is not merely late in searching for the information, that the failure to produce the documents is not without reasonable excuse, and that the failure does not prejudice State Farm. *Id.* at 2. Accordingly, Plaintiff respectfully requests that State Farm's motion be denied. *Id.*

7

State Farm urges that pursuant to Federal Rule of Civil Procedure 37(c)(1), because Plaintiff failed to produce and update his disclosures as required by Rules 26(a) and 26(e), without establishing substantial justification or that the failure is harmless, Plaintiff is not allowed to use such information. Rec. Doc. No. 14-1, at 2; *see* Fed. R. Civ. P. 37(c)(1). While agreeing that Plaintiff cannot be permitted to use such information in support of his claim for lost wages, this Court need not strike Plaintiff's claim in its entirety.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a court can preclude the use of evidence that a party fails to disclose under Rules 26(a) or 26(e) without substantial justification, unless the failure to disclose is harmless. *See* Fed. R. Civ. P. 37(c)(1); *Edmonds v. Beneficial Mississippi, Inc.*, 2007 WL 26837, *4 (5th Cir. 2007); *Caskey v. Man Roland, Inc.*, 1996 WL 197370, *5 (5th Cir. 1996). In evaluating whether the failure to disclose is harmless, a court looks to four factors: (1) the explanation for the party's failure to disclose; (2) the importance of the evidence; (3) the potential prejudice to the opposing party from including the evidence; and (4) the availability of a continuance. *CQ, Inc. V. TXU Min. Co., L.P.,* 565 F.3d 268, 280 (5th Cir. 2009); *Terrance v. Pointe Coupee Parish Policy Jury*, 2006 WIL 1153732, *1 (5th Cir. 2006).

Plaintiff's justification for his failure to disclose the

pertinent documentation is that despite ongoing efforts to the best of his ability, such information has not yet been located. Rec. Doc. No. 21, at 1. While such evidence is indeed important to Plaintiff's claim, the exclusion of such will not preclude recovery, as Louisiana courts allow proof of a claim for lost wages based on a plaintiff's own reasonable testimony. *See e.g., Driscoll v. Stucker*, 893 So.2d 32, 53 (La. 2005); *Jordan v. Travelers Ins. Co.*, 257 La. 995 (1971); *Smith v. AFS, Inc.*, 998 So.2d 168, 08-332 (La. App. 5 Cir. 10/28/08); *Slayton v. Davis*, 901 So.2d 1246, 04-1652 (La. App. 3 Cir. 5/11/05). Additionally, at this stage in the litigation, not only has the deadline for completion of discovery been exceeded, but it is also now approaching the eve of trial, which is scheduled to commence on July 11, 2011. *See* Rec. Doc. No. 9. Accordingly, the admission of such evidence, should it be found, would not be harmless and therefore will not be permitted to be used at trial.

However, State Farm has failed to show and this Court does not find that Plaintiff's failure to produce such discovery has been willful or in bad faith. We therefore decline to strike Plaintiff's claim for lost wages and deny State Farm's motion requesting same. *See U.S. S.E.C. v. Rogers*, 2008 WL 2482434 (5th Cir. 2008); *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858 (5th Cir. 1970).

### III. Motion to Strike Plaintiff's Claim for Special Damages for Tuition, Rent, and Living Expenses

State Farm asserts that Plaintiff has not produced any documentation to support his claim that he incurred an additional semester of tuition at Loyola University New Orleans as a result of the accident at issue in this lawsuit. Rec. Doc. No. 15-2, at 3. Moreover, State Farm maintains that Plaintiff's Official Undergraduate Academic Record contradicts his claim, as such does not reflect that he dropped or withdrew from any classes in the Fall 2009 semester as Plaintiff asserts occurred. *Id.* Additionally, State Farm contends that the class which Plaintiff allegedly dropped in Fall 2009 as a result of the accident and was forced to retake in Spring 2010 thereby prolonging Plaintiff's graduation date and causing Plaintiff to incur an additional semester of tuition – "MATH-A116 SURVEY OF CALCULUS" – Plaintiff in fact failed previously in Fall 2007, which State Farm asserts is the actual reason for why Plaintiff had to retake the course in Spring 2010. *Id.* at 3-4.

State Farm further argues that Plaintiff is not entitled to recover rent and additional living expenses purportedly incurred because of the additional college semester, not only because the additional semester did not result from the accident, but also because Plaintiff admitted in his deposition that he and his roommates had committed before the accident to rent their house from June 2009 through June 2010. *Id.* at 4. State Farm provides

10

that Plaintiff also stated that he had decided to stay in New Orleans after graduating college, and therefore he and his roommates committed to another year lease of the house beginning June 2010 to June 2011. *Id.* However, despite repeated requests, Plaintiff has not produced the lease agreement, yet includes such document on his Exhibit List. *Id.; see* Rec. Doc. No. 10.

State Farm requests that this Court strike Plaintiff's claim for an additional semester of tuition at Loyola University New Orleans, strike Plaintiff's claim for rent and additional living expenses, and strike the lease agreement from Plaintiff's Exhibit List. *Id.*

Plaintiff asserts that he was enrolled in the Calculus class in dispute in the Fall 2009 semester, however, he dropped the class shortly after the accident but before the add/drop time period expired, thus a withdrawal of the course was not in fact taken, which explains why a "W" does not appear on Plaintiff's academic record. Rec. Doc. No. 22, at 2; *see also* Rec. Doc. No. 22-1. Further, Plaintiff contends that while he executed a written lease through at least June 2010, the lease did not prohibit Plaintiff from subletting his interest, and he and his friends made an agreement allowing them to sublet their interest in the lease at any time they pleased. *Id.* Plaintiff states that he was never given a copy of the lease, however he has made and continues to

11

make earnest attempts to locate a copy.[1]  *Id.*

State Farm urges this Court to strike Plaintiff's claim for special damages for tuition, rent and living expenses, on the basis that Plaintiff has provided no documentation to support these claims, and moreover, because Plaintiff's academic records and deposition testimony contradict such claims.  Rec. Doc. No. 15. Plaintiff, however, has set forth specific facts regarding whether he did indeed incur an additional semester of tuition as a result of being forced to drop a Calculus course due to the accident at issue, as well as regarding the lease that was previously executed for the time period for which he claims damages and his intent to sublet his interest in such lease at the pertinent time at issue here.  Rec. Doc. No. 22.  It is well settled that disputed questions of fact cannot be determined on a motion to strike. *Augustus v. The Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962); *Flores v. Buy Buy Baby, Inc.*, 118 F.Supp.2d 425, 433 (S.D.N.Y. 2000); *Mony Financial Services v. Savoie (Marcel L., Jr.)*, 1990 WL 178711, *3 (E.D.La. 1990); *Brown v. Joiner Intern., Inc.*, 523 F.Supp. 333, 336 (D.C.Ga. 1981).  Accordingly, because issues of fact exist regarding Plaintiff's claim for special damages for tuition, rent, and living expenses, State Farm's motion must be denied.

---

[1] At the pretrial conference held on June 30, 2011, the parties indicated that the lease agreement has been recently produced.

However, since the lease agreement in question has been recently produced, such will not excluded from use at trial.

New Orleans, Louisiana, this 30th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE